Ken Ciccoli, Bar. No. 2211118
Inlet Law, LLC
818 Smoky Bay Way, PMB 324,
Homer, AK 99603
(907) 299-6572
Filings@inlet-law.com
Attorney for Nicholas Conner

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
## THIRD JUDICIAL DISTRICT AT HOMER

| | |
|---|---|
| NICHOLAS CONNER<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SOLDOTNA,<br><br>Defendant. | Case No. 3HO-26-00053CI<br><br>JURY TRIAL DEMANDED |

### COMPLAINT

Plaintiff, Mr. Nicholas Conner ("Mr. Conner") files this complaint against the above-named Defendant for violation of his constitutional rights, and to ask that this Court void the City of Soldotna's (the "City") trespass letter (the "Letter") as unconstitutional.

### JURISDICTION AND VENUE

1. Mr. Conner is an American citizen and domiciled resident of the State of Alaska, residing in Soldotna, Kenai Peninsula Borough, Alaska.

2. Defendant City of Soldotna (the "City") is a governing body organized and existing pursuant to the Constitution of the State of Alaska.

3. This Court has personal jurisdiction over all parties to this action.

4. This Court has jurisdiction under AS 09.50.250.

5. The events giving rise to this action took place in the Third Judicial District, therefore the Court has subject matter jurisdiction, and venue is proper.

<u>CONSTITUTIONAL AND STATUTORY FRAMEWORK</u>

### U.S. CONST. AMEND XIV § 1

"No state shall make or enforce any law which . . . deprive[s] any person of life, liberty, or property, without due process of law."[1] As such, the vagueness doctrine rests on the twin constitutional pillars of due process and separation of powers."[2] When an ordinance fails to provide even rudimentary notice of what it does and does not criminalize, the Court terms the ordinance vague,[3] and "[i]n our constitutional order, a vague law is no law at all.[4]

---

[1] U.S. CONST. AMEND XIV § 1

[2] *U.S. v. Davis*, 139 S. Ct. 2319, 2321 (2019).

[3] *Dubin v. United State*, 599 US 110, 143 S. Ct. 1557, 1574 (2023).

[4] *US v. Davis*, 139 S. Ct. 2319, 2321 (2019).

**ALASKA CONST. ART. I, § 7**

"No person shall be deprived of life, liberty, or property without due process of law."

**AS 11.46.330**

Under AS 11.46.330, a person commits second-degree criminal trespass if the person "enters or remains unlawfully ... in or upon premises. To "enter or remain unlawfully" is defined, *inter alia,* as "fail[ing] to leave premises ... that [are] open to the public after being lawfully directed to do so personally by the person in charge."[5]

"A person cannot be convicted under [Alaska's trespass statutes] of "fail[ing] to leave" a public facility "after being lawfully directed to do so" unless the person fails to heed a reasonably contemporaneous directive to leave."[6]

## BACKGROUND

6. Mr. Conner lives on the Kenai Peninsula.

7. Mr. Conner practices journalism covering First Amendment issues where he films and photographs government buildings, equipment, and officials.

---

[5] *Hammock v. State,* 52 P. 3d 746 (Alaska Court of Appeals 2002).
[6] *Turney v. State,* 922 P.2d 283 (Alaska Court of Appeals 1996).

8. Many public officials in the City do not take kindly to Mr. Conner's constitutionally protected journalism. Mr. Conner is well known in the City of Soldotna for his journalism.

9. On January 21, 2025, Defendant City of Soldotna issued Plaintiff a written letter expressly stating that Plaintiff *was not* trespassed from City property, but advising that the City wished to "avoid issuing a similar trespass notice for city properties." The letter further imposed informal conditions on how Plaintiff was expected to interact with City personnel in the future.[7]

10. Although the January 21 letter was not a trespass order, it functioned as an indefinite directive conditioning Plaintiff's continued access to City facilities on compliance with unofficial restrictions not grounded in statute, ordinance, or court order.

11. In good faith, Plaintiff attempted to comply with Defendant's request by limiting contact with City staff and utilizing formal administrative channels, including written complaints and public records requests.

---

[7] *See* Attached January 21, 2025, Letter from City of Soldotna.

12. In mid-2025, a public records request was submitted to the Soldotna Police Department by journalist Brandon Lawler. Defendant required in-person payment by cash or check before releasing the records, despite knowledge that Mr. Lawler resides outside the local area.

13. Plaintiff appeared at the Police Department solely to deliver the required payment and retrieve the records. Upon reviewing the documents, Plaintiff observed redactions he believed were improper and was directed by Police Department staff to raise those concerns with City Hall.

14. Plaintiff brought the records to City Hall at the City's direction so the City Manager could review them. Because the City Manager was not present, Plaintiff was asked to leave the documents for later review. These documents were Plaintiff's only copy.

15. When the City Manager later returned, Plaintiff requested that the records be transmitted electronically so the matter could be resolved without further in-person contact. Defendant refused and instructed Plaintiff that he must return to City Hall in person to retrieve the records.

16. When Plaintiff returned as directed, he specifically asked whether he was trespassed and whether he was permitted to be present and to record within City Hall. The City Manager expressly stated that Plaintiff *was not* trespassed, that the January letter was merely a request, and that Plaintiff was permitted to be inside City Hall and to film. These statements were made openly in the presence of City staff.

17. Later, on August 13, 2025, Mr. Conner visited City Hall to obtain information regarding candidacy requirements for the then-upcoming city council election.

18. During this visit, due to many city employees' perceptions of Mr. Conner, he was treated with disregard by staff, including an employee who ordered him to leave as he was working to gather information about running for office.

19. Following a brief discussion due to the City's refusal to help him find and file paperwork to run for office, Mr. Conner left.

20. As far as Mr. Conner is aware, this interaction did not result in any calls to the police, or an emergency service. And in other words, the City of Soldotna, through its employees did not see Mr. Conner as a threat.

Case 3:26-cv-00159-SLG    Document 1-1    Filed 04/10/26    Page 6 of 19
Exhibit A    Page 6 of 19

21. However, six days later, on August 19, 2025, following Mr. Conner's attempt to gain information about running for city council of Soldotna, the city manager, Janette Bower, issued a trespass order against Mr. Conner.

22. The trespass order explains to Mr. Conner that

> [d]ue to [his] escalating abusive, threatening, and disruptive behavior toward City staff which significantly interferes with the orderly delivery of City services to other patrons, [Jannette Bower is] hereby issuing this written trespass order notifying [Mr. Conner] that **[he] [is] trespassed from entering the following City facilities for a period of twelve (12) months.**[8]

23. In issuing the order, Defendant has foreclosed Mr. Conner's use and enjoyment countless public places. Including, City Hall; all City parks; the police department; the library; maintenance facilities; the field house; and the Soldotna Regional Sports Complex. The order even states that while Mr. Conner may vote at his public polling place, he may not loiter in the building—meaning, if polling lines are long enough, even Mr. Conner's right to vote is at risk.

---

[8] Exhibit A.

Case 3:26-cv-00159-SLG   Document 1-1   Filed 04/10/26   Page 7 of 19   Exhibit A   Page 7 of 19

24. Mr. Conner's trespass was issued *six days after he attempted to run for public office.* The order threatens Mr. Conner with arrest should he visit any of the above-named places.

25. Since issuance, Mr. Conner has sought written revocation of the order, but his requests have been denied.

26. Due to order, and under fear of arrest, Mr. Conner was unable to run for public office, and continues to miss opportunities to visit his grandchildren during their sporting events. He is being ostracized from his community.

27. Mr. Conner prays this Court enjoin the City's use of the trespass order against Mr. Conner for its failures under the U.S. constitution and Alaska law.

## CAUSE OF ACTION
### DUE PROCESS VIOLATIONS

28. Mr. Conner repeats and realleges each and every allegation contained above as if set forth herein.

29. By issuing the order, Defendant denies Mr. Conner his right to due process of law.

Case 3:26-cv-00159-SLG    Document 1-1    Exhibit A    Filed 04/10/26    Page 8 of 19    Page 8 of 19

30. Under Alaska's constitution, "[n]o person shall be deprived of life, liberty, or property without due process of law."[9] Likewise,

31. "[n]o state shall make or enforce any law which . . . deprive[s] any person of life, liberty, or property, without due process of law."[10]

32. To begin, the order is an attempt to empower the City with authority it simply does not have. Under Alaska law, trespasses orders must be made contemporaneously with the trespass, and only if the offender does not leave.[11]

33. This trespass order was issued *six days* after the supposed incident, and in fact, when Mr. Conner was told to leave by the person in charge, he left. Because he literally left, there is simply no way under Alaska law that a trespass could have occurred. What the City attempts to do, in place of an

---

[9] ALASKA CONST. ART. I, § 7

[10] U.S. CONST. AMEND XIV

[11] See *Hammock v. State*, 52 P. 3d 746 (Alaska Court of Appeals 2002), stating that "[u]nder AS 11.46.330, a person commits second-degree criminal trespass if the person "enters or remains unlawfully ... in or upon premises. To "enter or remain unlawfully" is defined, *inter alia*, as "fail[ing] to leave premises ... that [are] open to the public after being lawfully directed to do so personally by the person in charge."

Case 3:26-cv-00159-SLG    Document 1-1    Exhibit A    Filed 04/10/26    Page 9 of 19    Page 9 of 19

actual trespass, is put Mr. Conner in perpetual fear so that he is dissuaded from using public spaces, infrastructure, and resources.

34. In addition to the City's authorizing itself a power it does not have, this order seems to absurdly state that if Mr. Conner is arrested for trespassing on city property, and if he brought to the police station, he will be subject to re-arrest for trespassing at the police station. While Defendant may aver this was never their intent, this is indeed what the order does. In addition to its other due process failing, this Court must deem this order unconstitutional vague because "[i]n our constitutional order, a vague law is no law at all."

## PRAYERS FOR RELIEF

35. Mr. Conner repeats and realleges each and every allegation contained above as if set forth herein.

36. Mr. Conner prays for the following:

  a. Injunctive Relief

  b. A declaration that the City's trespass order violates Mr. Conner's right to due process.

Case 3:26-cv-00159-SLG    Document 1-1    Exhibit A    Filed 04/10/26    Page 10 of 19    Page 10 of 19

c. An Order permanently enjoining the issued trespass order from being enforced against Mr. Conner.

d. An Order requiring Defendant to rescind the trespass notice and prohibiting future exclusion of Plaintiff from public property.

e. An Order awarding Mr. Conner all costs, attorney's fees, and statutory fees from prosecuting this action.

f. Any relief this Court deems just and proper under the circumstances.

DATED: February 23, 2026

INLET LAW, LLC
Attorney for Nicholas Conner

/s/ Ken Ciccoli
Ken Ciccoli
Alaska Bar No. 2211118

Case 3:26-cv-00159-SLG   Document 1-1   Filed 04/10/26   Page 11 of 19   Exhibit A   Page 11 of 19

## VERIFICATION OF COMPLAINT

STATE OF ALASKA        )
                                ) ss.
THIRD JUDICIAL DISTRICT  )

I, Nicholas Conner, the Complainant named in the foregoing Complaint, being duly sworn, says that the facts and allegations contained therein are true, except so far as they are therein stated to be on information, and that, so far as they are therein stated to be on information, I believe them to be true.

Signed, Nicholas Conner

This is to certify that Nicholas Conner appeared before me and acknowledged the forgoing document for the uses and purposes therein expressed, here SUBSCRIBED AND SWORN before me this ___24th___ day of ___February___, 20_26_, at Homer, Alaska.

(seal)

TIFFANY BLANCHARD
Notary Public
State of Alaska
My Commission Expires Mar 28, 2029

Notary Public in and for _Alaska_
My Commission Expires: _03/28/2029_

---

NICHOLAS CONNER V.
CITY OF SOLDOTNA

COMPLAINT

CASE NO. 3HO-26-_____

- PAGE 12 OF 12 -

Samuel C. Severin (Alaska Bar No. 0606035)
Alexander T. Foote (Alaska Bar No. 1111098)
sseverin@mcsalaska.com
afoote@mcsalaska.com

Attorneys for City of Soldotna

**IN THE SUPERIOR COURT FOR THE STATE OF ALASKA**

**THIRD JUDICIAL DISTRICT AT HOMER**

| | |
|---|---|
| NICHOLAS CONNER,<br><br>              Plaintiff,<br><br>      vs.<br><br>CITY OF SOLDOTNA,<br><br>              Defendant. | Case No.: 3HO-26-00053CI |

**ANSWER**

Defendant City of Soldotna, through its attorneys Munson, Cacciola & Severin, LLP, hereby files its Answer to Plaintiff's Complaint in this action as follows:

**JURISDICTION AND VENUE**

1.      Defendant is without sufficient information to admit or deny Plaintiff's citizenship status and therefore denies. Admit the remainder of paragraph 1.

2.      Admit.

3.      Admit.

4.      Defendant admits the Court has jurisdiction but denies it has jurisdiction under AS 09.50.250.

**ANSWER**                                                                                     Page 1 of 6
*Nicholas Conner v. Soldotna*, Case No. 3HO-26-00053CI

Exhibit A

Received in the Alaska Trial Courts on 04/01/2026.

MUNSON, CACCIOLA & SEVERIN, LLP
1029 W. Third Avenue, Suite 402
Anchorage, Alaska 99501
(907) 272-8401

MUNSON, CACCIOLA & SEVERIN, LLP
1029 W. Third Avenue, Suite 402
Anchorage, Alaska 99501
(907) 272-8401

Received in the Alaska Trial Courts on 04/01/2026.

5. Admit that the Court has subject matter jurisdiction. Deny that venue is proper in Homer.

## CONSTITUTIONAL AND STATUTORY FRAMEWORK

This section is a restatement of the law to which no response is required.

## BACKGROUND

6. Admit.

7. Defendant denies that Plaintiff "practices journalism covering First Amendment issues" but admits the remainder of the paragraph.

8. Deny.

9. Admit that Defendant sent Plaintiff a letter. Deny that the letter imposed conditions on Plaintiff.

10. Deny.

11. Deny.

12. Admit that a public records request was submitted but deny the remainder of the paragraph.

13. Defendant is without sufficient information of what Plaintiff's "sole" intent was, whether Plaintiff believed any redactions were improper, and whether Plaintiff was "directed" to "raise [his] concerns with City Hall" and therefore denies this paragraph.

14. Defendant is without sufficient knowledge of whether "at the City's direction" Plaintiff brought records to City Hall for review by the City Manager,

ANSWER

*Nicholas Conner v. Soldotna*, Case No. 3HO-26-00053CI

whether Plaintiff was "asked to leave the documents for later review" or whether "[t]hese documents were Plaintiff's only copy" and therefore denies this paragraph.

15. Deny.

16. Admit.

17. Admit that Plaintiff visited City Hall on August 13, 2025. Defendant has insufficient information to admit or deny Plaintiff's reasons for visiting City Hall and therefore denies the remainder of this paragraph.

18. Deny.

19. Admit Plaintiff left City Hall. Deny Plaintiff was refused help.

20. Defendant has no knowledge of what Plaintiff may have been aware of and therefore denies this paragraph.

21. Admit the trespass order was issued on August 19, 2025. Deny any implication that the trespass order was connected to Plaintiff's alleged "attempt to gain information about running for city council."

22. Admit.

23. Admit the trespass order includes city hall, the Soldotna police department, the public library, maintenance facilities, the field house, and the Soldotna Regional Sports Complex. Admit the trespass order allows Plaintiff to vote. Deny the remainder of the paragraph.

24. Deny Plaintiff attempted to run for public office. Deny that Plaintiff was threatened with arrest.

**ANSWER** Page 3 of 6
*Nicholas Conner v. Soldotna*, Case No. 3HO-26-00053CI

MUNSON, CACCIOLA & SEVERIN, LLP
1029 W. Third Avenue, Suite 402
Anchorage, Alaska 99501
(907) 272-8401

Received in the Alaska Trial Courts on 04/01/2026.

MUNSON, CACCIOLA & SEVERIN, LLP
1029 W. Third Avenue, Suite 402
Anchorage, Alaska 99501
(907) 272-8401

Received in the Alaska Trial Courts on 04/01/2026.

25.     Admit.

26.     Deny Plaintiff was unable to run for public office because of the trespass order. Defendant is without sufficient information to admit or deny that Plaintiff has been unable "to visit his grandchildren during their sporting events" and therefore denies. Deny Plaintiff is being "ostracized."

27.     Paragraph 27 is part of Plaintiff's prayer for relief and requires no response.

## CAUSE OF ACTION

28.     This paragraph includes by reference Plaintiff's previous allegations and requires no response.

29.     Deny.

30.     This is a statement of the law to which no response is required.

31.     This is a statement of the law to which no response is required.

32.     This is a statement of the law to which no response is required. To the extent this paragraph alleges that Defendant violated the law it is denied.

33.     Deny that Plaintiff was told to leave. To the extent this paragraph is a statement of law, no response is required. Deny that Defendant's intent was to put Plaintiff in fear for any reason or dissuade him from using public spaces.

34.     Plaintiff's interpretation of the trespass order is not a logical interpretation or reasonable outcome of the trespass order and Defendant therefore denies this paragraph.

**ANSWER**                                                                                     Page 4 of 6
*Nicholas Conner v. Soldotna*, Case No. 3HO-26-00053CI

Received in the Alaska Trial Courts on 04/01/2026.

MUNSON, CACCIOLA & SEVERIN, LLP
1029 W. Third Avenue, Suite 402
Anchorage, Alaska 99501
(907) 272-8401

## AFFIRMATIVE AND ADDITIONAL DEFENSES

By way of further answer and by way of further affirmative defenses, Defendant alleges as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff filed this action in an improper venue.

3. Complainant's action is barred by the doctrine of laches.

## PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Complaint, Defendant prays that the Complaint be dismissed with prejudice; that Plaintiff takes nothing from Defendant; that Defendant be awarded its costs and attorney's fees incurred in defending this action; and for such other and further relief as this Court deems just and equitable.

Dated this 1st day of April 2026.

MUNSON, CACCIOLA & SEVERIN, LLP

By: /s/ Sam Severin
Samuel C. Severin
AK Bar No. 0606035

MUNSON, CACCIOLA & SEVERIN, LLP

By: /s/ Alex Foote
Alexander T. Foote
AK Bar No. 1111098

ANSWER                                                                    Page 5 of 6
*Nicholas Conner v. Soldotna*, Case No. 3HO-26-00053CI

Received in the Alaska Trial Courts on 04/01/2026.

MUNSON, CACCIOLA & SEVERIN, LLP
1029 W. Third Avenue, Suite 402
Anchorage, Alaska 99501
(907) 272-8401

**CERTIFICATE OF SERVICE**
I certify that on the 1st day of April, 2026,
I served a true and accurate copy of this document
on the following by TrueFile:

>       Ken Ciccoli
>       Inlet Law, LLC
>       4089 Pennock St.
>       Homer, AK 99603
>       filings@inlet-law.com

By: _s/ Devon R. Scarpella_____
>       Legal Assistant
>       Munson, Cacciola & Severin, LLP

**ANSWER**

Page 6 of 6

*Nicholas Conner v. Soldotna*, Case No. 3HO-26-00053CI

Samuel C. Severin (Alaska Bar No. 0606035)
Alexander T. Foote (Alaska Bar No. 1111098)
sseverin@mcsalaska.com
afoote@mcsalaska.com

Attorneys for City of Soldotna

**IN THE SUPERIOR COURT FOR THE STATE OF ALASKA**

**THIRD JUDICIAL DISTRICT AT HOMER**

NICHOLAS CONNER,

                    Plaintiff,

        vs.

CITY OF SOLDOTNA,

                  Defendant.

Case No.: 3HO-26-00053CI

**ORDER GRANTING NON-OPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

Defendant City of Soldotna has moved for an extension of time to respond to

Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order.

Based on the lack of opposition thereto, Defendant's motion is **HEREBY**

**GRANTED.** The new deadline for Defendant's response shall be March 26, 2026.

_____ 03/27/2026
Honorable Bride Seifert
Superior Court Judge

MUNSON, CACCIOLA & SEVERIN, LLP
1029 W. Third Avenue, Suite 402
Anchorage, Alaska 99501
(907) 272-8401